
FILED
2020 Oct-15 PM 02:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| CLAYBORN REAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-01572-AKK |
| | ) |
| MARC PRESLEY and | ) |
| AMANDA PRESLEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Clayborn Reaves, proceeding *pro se*, filed a complaint against Marc Presley and Amanda Presley.  Doc. 1.  Reaves also filed a request to proceed *in forma pauperis* and for the appointment of an attorney.  Doc. 2.  For the reasons set out herein, this case is due to be dismissed without prejudice for failing to state a claim on which relief can be granted, and Reaves's motions to proceed *in forma pauperis* and for the appointment of an attorney are moot.

Title 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*, provides for the commencement of a civil action without prepayment of fees by a "person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Section 1915(e)(2)(B) further provides, however, that a

court shall dismiss the case at any time if it determines it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2)(B).[1]  "A claim is frivolous if it is without arguable merit either in law or fact."  *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).  A district court retains discretion to dismiss a complaint "when it appears the plaintiff 'has little or no chance of success,'" meaning review of the complaint reveals "the factual allegations are 'clearly baseless' or . . . the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (discussing § 1915(d), now § 1915(e)(2)(B)(i)).

In conducting its review of Reaves's complaint, the court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v.*

---

[1] Title 28 U.S.C. § 1915 provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal--
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

*Gaddy*, 559 U.S. 34 (2010), *as recognized in Sconiers v. Lockhart*, 946 F.3d 1256 (11th Cir. 2020).  However, the court "may not serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action."  *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 F. App'x 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).  Furthermore, to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In his complaint, Reaves alleges the Presleys violated the United States Constitution by circulating a petition "against [him] and [his] house," and requesting his neighbors' signatures thereupon.  Doc. 1 at 5.  Reaves contends he "ha[s] never been bothered before [he] filed the lawsuit against the City", and that "all this is tied to [his] lawsuit against the City."[2]  *Id.* at 8, 9 (emphasis in original).  It seems Reaves may be alleging that the Presleys' retaliatory petition incites the possibility of a claim pursuant to the First Amendment.  However, the complaint fails to articulate a plausible First Amendment claim because it lacks any allegations the Presleys'

---

[2] *See Clayborn Dee Reaves v. The City of Tuscumbia, et al.*, No. 3:19-cv-00793-HNJ at doc. 1.

petition constitutes state action.  Although "lawsuits against the government can clearly constitute protected First Amendment activity," *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019), a proper claim under the First Amendment requires the plaintiff to "establish that there is some type of state action at issue."  *GeorgiaCarry.Org, Inc v. Georgia*, 687 F.3d 1244, 1259 n.32 (11th Cir. 2012).  "[T]he state action requirement is satisfied when the [defendant] 'is a state official, . . . has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'"  *Motes v. Myers*, 810 F.2d 1055, 1058 (11th Cir. 1987) (alteration in original) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Here, Reaves does not allege the Presleys are state officials.  Further, Reaves fails to allege the Presleys "acted together with or . . . obtained significant aid from state officials" in circulating the petition.  *Id.*  Likewise, Reaves does not plausibly allege the Presleys' petition "is otherwise chargeable to the State."  *Id.*  To the contrary, Reaves's allegations portray that the Presleys acted as private citizens in circulating the petition.  Therefore, as pleaded, Reaves fails to state a plausible First Amendment claim.

## CONCLUSION

In summary, the complaint fails to state a claim upon which relief can be granted under the United States Constitution, and no other grounds for federal

jurisdiction exist.  Accordingly, the court will dismiss this action.  *See* 28 U.S.C. § 1915(e)(2)(B).  The court will enter a separate Final Judgment.

**DONE** the 15th day of October, 2020.

                                               _____
                                               **ABDUL K. KALLON**
                                               UNITED STATES DISTRICT JUDGE